The opinion of the Court was drawn up by
Parker C. J.
Has the Court jurisdiction of this case by virtue of the statute of 1817 ? It has not, unless the mortgage deed created a trust within the meaning of that statute *494 But a mortgage deed does not per se create a trust; it conveys the estate subject to a condition. The mortgagee is not accountable to any one until he enters and takes possession and receives the rents and profits ; in which case he may in some sense be considered as trustee, for he is to ■render an account j [1] but this must be done in the manner and for the purposes provided in the several statutes for redeeming mortgages, and he is not trustee in any other light.[2]
The object of this bill would seem to be, to devest the mortgagee’s estate by paroi evidence of a promise founded on no legal consideration. If here were written evidence, the want of consideration would be fatal to the claim. And without such evidence, it would be unhinging our whole system of titles in real estate, to defeat the operation of a legal instrument under seal, in this way. We are called on to enjoin against the use of a mortgage deed, by verbal proof that the respondent had given up his estate. The proposition is self-evidently false. [1]
‘ If the plaintiff has any case upon his representation, it is one of fraud, of which no jurisdiction has been given to this Court, unless it incidentally arises in cases where we have jurisdiction.
We are clear that the demurrer to the bill must prevail, and that the bill must be dismissed with costs.

 See Revised Stat. c. 107, § 9.

 See 2 Story’s Comm. Eq 278, 283; Cholmondeley v. Clinton, 2 Jac. & Walk. 1,182 el seq.; Revised Stat. c. 81, § 8.

 See Maynard v. Hunt, 5 Pick. 243.